*198 OPINION".
Phillips:
The petitioners allege that the Commissioner erred in refusing to allow as deductions in computing taxable income the payments made to Mrs. Oyster and for attorneys’ fees and expenses, as set out in the findings. The petitions were originally drafted upon the theory that such payments were deductible in the year of payment, but at the hearing the petition of Brawner was amended to claim the entire amount of these payments as deductions in 1923, the year in which incurred. The petitioner, Chestnut Farms Dairy, Inc., did not urge the error assigned in its petition and the deficiency asserted against such petitioner is approved.
The sole question under the amended pleading is whether the payment to Mrs. Oyster and for attorneys’ fees and expenses, made under the circumstances set out in the findings of fact, constitute ordinary and necessary expenses of Brawner’s business for the year 1923. Brawner testified that his reason for compromising the suit was that he feared the appointment of a receiver would ruin the business and that he was confident of winning on the merits. We do not question the seriousness of the situation caused by the threat of a receivership, although it seems improbable that the results would have been as disastrous as the testimony would indicate was feared. Moreover, it can not be assumed that a receiver would have been appointed without a proper showing and the assumption by Brawner, acting under legal advice, that a receivership was probable does not support the theory that Mrs. Oyster’s suit was without merit.
The receivership was asked only as an incident to the claim of an interest in the business and in the real estate. It was these claims *199 which were settled. However persuasive the threat of receivership may have been in inducing the settlement, the fact remains that Mrs. Oyster’s claim to dower in the real estate (and the record does not indicate that this was not a sound claim) as well as her other claims, were satisfied. All of these claims were asserted against the title of Brawner to the assets of the business.
The Board has previously decided that expenses of defending title to capital assets ordinarily may not be deducted as expenses, but must be treated as a part of the cost of such assets. Consolidated Mutual Oil Co., 2 B. T. A. 1067; West End Consolidated Mining Co., 3 B. T. A. 128; Seletha O. Thompson, 9 B. T. A. 1342; Holeproof Hosiery Co., 11 B. T. A. 547; Phoenix Development Co., 13 B. T. A. 414; Murphy Oil Co., 15 B. T. A. 1195; Newark Milk & Cream Co., 10 B. T. A. 683, affd., 34 Fed. (2d) 854; and it would seem clear that amounts paid by the ostensible owner in settlement of a suit attacking his title can not be classified as any expense, however unjustified such a suit may appear to him to be. Seletha O. Thompson, Murphy Oil Co., Newark Milk & Cream Co., all supra; Earle M. Palmer, 3 B. T. A. 403.
Reviewed by the Board.

Decisions will he entered for respondent.